IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer

Civil Action No. 08-cv-00495-PAB-MJW

REGISTRY SYSTEMS INTERNATIONAL, LTD.,

    Plaintiff,

v.

KIM KEELING,

    Defendant,

and

VINCENT HAMM,
KAREN HAMM,
AIM HIGH!, INC.,
KAIM CHIGH, LLC, and
1 DOMAIN SOURCE, LTD.,

    Defendants and Third Party Plaintiffs,

v.

EDWARD J. SWEENEY,
CHARLES A SWEENEY, and
CAPITAL NETWORKS, PTY., LTD., A/K/A PACNAMES, LTD.,

    Third Party Defendants.
_____

**ORDER**
_____

    This contract and tort case is presently before the Court on third-party defendant Capital Networks, Pty., Ltd.'s ("Capital Networks") amended motion to set aside entry of default entered by the Clerk of the Court [Docket No. 62]. Jurisdiction in this case is premised upon 28 U.S.C. § 1332(a)(2).

## A. Factual and Procedural Background

Plaintiff Registry Systems International, Ltd. ("RSI") and some or all of defendants Vincent Hamm, Karen Hamm, Kim Keeling,[1] Aim High!, Inc., Kaim Chigh, LLC, and 1 Domain Source, Ltd. were engaged in a business arrangement that involved the sale of internet domain names. On March 10, 2008, RSI filed a complaint in this Court seeking various forms of legal and equitable relief stemming from the souring of this business arrangement [Docket No. 1]. On April 24, 2008, Vincent Hamm, Karen Hamm, Aim High!, Inc., Kaim Chigh, LLC, and 1 Domain Source, Ltd.[2] filed an answer, counterclaims against RSI, and third-party claims against three parties allegedly affiliated with RSI and the business arrangement in question: Edward Sweeney, Charles Sweeney, and PacNames, Ltd. [Docket No. 5]. On April 28, 2008, the third-party plaintiffs amended their answer, counterclaims, and third-party claims ("First Amended Third-Party Complaint"), naming the same three third-party defendants [Docket No. 6].

Third-party plaintiffs began serving the First Amended Third-Party Complaint on the third-party defendants. On September 12, 2008, third-party plaintiffs filed with the Court an affidavit from a process server attesting that he served "Capital Networks PTY LTD Pacnames" with a summons, the First Amended Third-Party Complaint, and other

---

[1] Although Ms. Keeling refers to herself as "Kimberly Keeling-Hamm," absent an amendment to that effect, I refer to her here by the name that appears in the pleadings.

[2] Defendant Kim Keeling filed an answer in this case [Docket No. 23], but asserted no counterclaims or third party claims.

documentation in Australia on July 30, 2008 [Docket No. 32].[3]

On September 3, 2008, the Court accepted for filing third-party plaintiffs' Second Amended Answer, Counterclaims, and Third-Party Claims ("Second Amended Third-Party Complaint") [Docket No. 30 (accepted by Minute Order [Docket No. 29])]. According to third-party plaintiffs, "[t]he purpose of the amendment is merely to change the name of Third-Party Defendant 'PacNames, Ltd.' to 'Capital Networks, Pty., Ltd., a/k/a PacNames Ltd.' based upon information developed while affecting service on said Third-Party Defendant." Unopposed Mot. to Amend and File Second Am. Answer, Countercls., and Third-Party Claims [Docket No. 27] at 2. There is no record that the Second Amended Third-Party Complaint was physically served on third-party defendant Capital Networks.

To date, Capital Networks has not filed a responsive pleading with this Court in response to any of the third-party complaints. On October 24, 2008, third-party plaintiffs filed a motion for entry of default and default judgment against Capital Networks for failing to respond to the Second Amended Third-Party Complaint [Docket No. 42]. On November 7, 2008, third-party plaintiffs filed a supplemental motion for entry of default [Docket No. 48]. On November 17, 2008, despite Capital Networks' objection [Docket No. 50], the Clerk of the Court entered default against Capital Networks [Docket No. 53]. On December 5, 2008, Capital Networks filed an amended

---

[3] The third-party plaintiffs filed a supplemental affidavit regarding this service on November 7, 2008 [Docket No. 48].

motion to set aside the entry of default [Docket No. 62].[4]  Third-party plaintiffs responded to the amended motion [Docket No. 66], and Capital Networks replied [Docket No. 72].  The matter is ripe for review.

**B.	Analysis**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  In the present case, Capital Networks has not pled or otherwise defended against the third-party claims asserted in the Second Amended Third-Party Complaint.  Third-party plaintiffs filed an affidavit with the Court that attested to service upon "Capital Networks PTY LTD Pacnames."  As a result, the Clerk of Court entered default against Capital Networks pursuant to Rule 55(a).  However, although the affidavit in question was filed after the Second Amended Third-Party Complaint, the service it describes occurred before.  Therefore, to the extent that Capital Networks was served in this case, according to the record, it only received the First Amended Third-Party Complaint, in which it was not named.

Although third-party plaintiffs argue that service upon Capital Networks of the First Amended Third-Party Complaint in combination with the company's close ties to named parties in the case should have put Capital Networks on notice of its inclusion in the Second Amended Third-Party Complaint, they cite no case law to support such a position, nor have I found any.  Moreover, this argument is undercut by the strong preference for resolution of cases on the merits, rather than by default.  *See In re*

---

[4] Capital Networks original motion [Docket No. 59] was denied for failure to comply with the Court's local rules.

*Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

The Federal Rules of Civil Procedure permit a court to "set aside an entry default for good cause." Fed. R. Civ. P. 55(c). "[T]he principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Mountain States Mut. Cas. Co. v. Kirkpatrick*, No. 06-cv-00221-WDM-MEH, 2006 WL 2092073, at *1 (D. Colo. July 25, 2006) (quoting *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished table opinion). There is no mandate that a court consider all of these factors or that it forgo consideration of others. *See id*.

I find that in the present case: (1) the default was the result of irregularities in service, not culpable conduct of the defendant; (2) because the case has not progressed very far and because the claims against Capital Networks are closely related to non-defaulted claims, third-party plaintiffs will not be prejudiced by the setting aside of the default; and (3) the irregularities in service of Capital Networks provides a valid defense for not responding to the complaint. These findings, in conjunction with the preference for resolution of cases on their merits, supply the good cause necessary to set aside the previously entered default against Capital Networks [Docket No. 53].

**C.     Conclusion**

Therefore, it is

**ORDERED** that third-party defendant Capital Network's motion to set aside the

Clerk of the Court's entry of default [Docket No. 62] is GRANTED.  The entry of default as to Capital Networks [Docket No. 53] shall be set aside.  It is further

**ORDERED** that third-party plaintiffs shall file proofs of service of a Summons and the Second Amended Answer, Counterclaims, and Third-Party Claims upon Capital Networks within 120 days of the day this Order is signed.

DATED January 6, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge