IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00495-PAB-MJW

REGISTRY SYSTEMS INTERNATIONAL, LTD.,

Plaintiff,

v.

KIM KEELING,

Defendant,

and

VINCENT HAMM,
KAREN HAMM,
AIM HIGH!, INC.,
KAIM CHIGH, LLC, and
I DOMAIN SOURCE LTD.,

Defendants, Counterclaimants and Third-Party Plaintiffs,

v.

EDWARD J. SWEENEY,
CHARLES A. SWEENEY, and,
CAPITAL NETWORKS , PTY, LTD., a/k/a PACNAMES, LTD.

Third-Party Defendants.

---

**RECOMMENDATION REGARDING
THIRD-PARTY DEFENDANTS EDWARD J. SWEENEY AND CAPITAL NETWORKS,
PTY, LTD'S OPPOSED MOTION TO AMEND ANSWER TO THIRD-PARTY CLAIMS
TO ASSERT A COUNTERCLAIM (DOCKET NO. 122)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

2

This matter is before the court on the Third-Party Defendants Edward J. Sweeney and Capital Networks Pty, Ltd's Opposed Motion to Amend Answer to Third-Party Claims to Assert a Counterclaim (docket no. 122). The court has reviewed the subject motion (docket no. 122), the response (docket no. 128), and the reply (docket no. 136).  In addition the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I find that I have jurisdiction over the subject matter and over the parties to this lawsuit.

I further find that venue is proper in the state and District of Colorado.

I further find that each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 122).

I further find that pursuant to Fed. R. Civ. P. 13(f), the Third-Party Defendants' request to amend their Answer to assert a counterclaim may be granted if the counterclaim "was omitted through oversight, inadvertence, or excusable neglect or if justice so requires."

I further find that in determining what constitutes excusable neglect in the context of Rule 13(f), courts consider, among other factors, "the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 392 n.10 (1993).  Moreover, Rule 13(f) "affords the trial court discretion in determining

whether leave to amend should be granted." Federal Deposit Ins. Corp. v. Staudinger, 797 F.2d 908, 911 (10th Cir. 1986).

Here, based upon this standard stated above, and substantially for the reasons stated in the Third-Party Plaintiffs' response (docket no. 128), which this court incorporates by reference, this court finds that the proposed amendments should not be permitted.  The court notes that a jury trial is set in this matter before Judge Brimmer on June 22, 2009, and the final trial preparation conference is set next week before Judge Brimmer on June 5, 2009.  Moreover, a pretrial conference was held on May 26, 2009, and a final pretrial order has been entered in this case.  To allow this late amended would be prejudicial to the Third-Party Plaintiffs and not curable noting the upcoming final trial preparation conference set on June 5, 2009, and jury trial date of June 22, 2009.

Lastly, I further find that justice does not require the Third-Party Defendants to bring these untimely counterclaims this late in the litigation.  I find incredulous and disingenuous Edward J. Sweeney's and Capital Networks, Pty, Ltd.'s ("CN") assertion that it is in the interest of justice to permit the amendment given that they have been recently brought into this case.  As correctly noted in the response (docket no. 128 at 2), and as shown in the court's file and record, Sweeney is the director and shareholder of CN, is also the director and sole shareholder of plaintiff Registry Systems International, Ltd. ("RSI"), and significantly signed and verified RSI's Complaint in this matter.  Therefore, both Sweeney and CN have been aware of the material issues of this litigation since its inception.  Nevertheless, they evaded and refused service, refused to participate in court conferences, and opposed

4

attendance at Sweeney's 30(b)(6) deposition. Sweeney and CN have caused their delayed recent entry in this case, and such recent entry is thus not a basis to grant the subject motion.

Accordingly, the subject motion (docket no. 122) should be denied.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1. That Third-Party Defendants Edward J. Sweeney and Capital Networks Pty, Ltd's Opposed Motion to Amend Answer to Third-Party Claims to Assert a Counterclaim (docket no. 122) be **DENIED**.

2. That each party pay their own attorney fees and costs for the subject motion (docket no. 122).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir.**

5

**1996).**

Done this 29th day of May 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE