IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00495-PAB-MJW

REGISTRY SYSTEMS INTERNATIONAL, LTD.,

    Plaintiff,

v.

KIM KEELING,

    Defendant,

and

VINCENT HAMM,
KAREN HAMM,
AIM HIGH!, INC.,
KAIM CHIGH, LLC, and
I DOMAIN SOURCE LTD.,

    Defendants, Counterclaimants and Third-Party Plaintiffs,

v.

EDWARD J. SWEENEY,
CHARLES A. SWEENEY, and,
CAPITAL NETWORKS , PTY, LTD., a/k/a PACNAMES, LTD.

    Third-Party Defendants.

---

**ORDER REGARDING
DEFENDANTS, COUNTERCLAIMANTS AND THIRD-PARTY PLAINTIFFS ("HAMM
DEFENDANTS") MOTION TO COMPEL DISCOVERY DOCUMENTS
(DOCKET NO. 130)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court on Defendants, Counterclaimants and Third-Party

2

Plaintiffs ("Hamm Defendants") Motion to Compel Discovery Documents (docket no. 130).  The court has reviewed the subject motion (docket no. 130) and the response (docket no. 142) thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following finding of fact, conclusions of law, and order.

In the subject motion (docket no. 130), the Hamm Defendants seek an order to compel from this court requiring Plaintiff Registry Systems International, Ltd. ("RSI") to produce to the Hamm Defendants a copy of the March 3, 2008, assignment as referenced in RSI's Complaint and those assignments Mr. Edward Sweeney testified to in his deposition.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, descriptions,

3

> nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."  Id.;

5. That RSI sold part of its internet registration business to Pacnames Ltd.  See exhibit A at 294[14] -295[1]; Declaration of Edward J. Sweeney, attached as exhibit 1 to RSI's Response to Vincent Hamm, Aim High!., Inc., and 1 Domain Source's Motion for

4

Summary Judgment, filed on April 29, 2009, at paragraph 3.;

6. That RSI intends to rely on the certain assignments to support its breach of contract claim and therefore has a duty to produce those documents pursuant to Fed. R. Civ. P. 26(a). It should be noted that Edward J. Sweeney testified in his deposition that such assignments were executed prior to the commencement of this action and are in the possession of RSI's counsel. *See* exhibit A at 322 [17] - 325 [16];

7. That RSI has not produced an assignment which gave it an interest in the Company Ownership Transfer Agreement on **March 3, 2008**, although such assignment has been requested in discovery by the Hamm Defendants ;

8. That RSI provided to the Hamm Defendants an assignment dated **May 6, 2009**, therefore such assignment could not be the one referenced in RSI's Complaint that was filed over a year ago on March 10, 2008 (docket no. 1);

9. That RSI seeks lost profits damages. See RSI's Complaint at paragraphs 66 and 94. Nevertheless, RSI has not provided to the Hamm Defendants (a) financial records of RSI from September 2007 to the present; (b) bank records of RSI, including but not limited to RSI's accounts in Bermuda; and (c) all records documenting funds RSI received from credit card processors,

5

including but not limited to Promisant on or before June 4, 2009;

10. That the Hamm Defendants assert a breach of contract claim against RSI for its failure to pay for support services relating to Pacnames. *See* Second Amended Answer, Counterclaims, and Third-Party Claims at paragraphs 62-67. RSI sold part of its internet domain registration business to Pacnames, and thus RSI's documents relating to Pacnames are relevant to the Hamm Defendants' counterclaims and RSI's claimed damages and are discoverable pursuant to Rule 26(a). *See* paragraph 4 above.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants, Counterclaimants and Third-Party Plaintiffs ("Hamm Defendants") Motion to Compel Discovery Documents (docket no. 130) is **GRANTED**;

2. That on or before June 11, 2009 by 12:00 noon mountain time, Plaintiff RSI shall produce to the Hamm Defendants the March 3, 2008, assignment referenced in RSI's Complaint and those additional assignments that Edward J. Sweeney testified to in his deposition;

3. That on or before 12:00 noon mountain time on June 11, 2009, Plaintiff RSI shall produce to the Hamm Defendants (a) financial

6

records of RSI from September 2007 to the present; (b) bank records of RSI, including but not limited to RSI's accounts in Bermuda; and (c) all records documenting funds RSI received from credit card processors, including but not limited to Promisant ;

4. That on or before 12:00 noon mountain time on June 11, 2009, Plaintiff RSI shall produce to the Hamm Defendants all documents relating to Pacnames Ltd. as outlined in the Hamm Defendants Request for Production No. 16 that is attached as exhibit B to the subject motion (docket no. 130); and,

5. That each party shall pay their own attorney fees and costs for this motion.

Done this 4th day of June 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE