IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00495-PAB-MJW

REGISTRY SYSTEMS INTERNATIONAL, LTD.,

    Plaintiff,

v.

KIM KEELING,

    Defendant,

and

VINCENT HAMM,
KAREN HAMM,
AIM HIGH!, INC.,
KAIM CHIGH, LLC, and
1 DOMAIN SOURCE, LTD.,

    Defendants and Third Party Plaintiffs,

v.

EDWARD J. SWEENEY,
CHARLES A SWEENEY, and
CAPITAL NETWORKS, PTY., LTD., A/K/A PACNAMES, LTD.,

    Third Party Defendants.

---

**ORDER ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

    This contract and tort case is presently before the Court on third-party Defendants Edward J. Sweeney and Capital Networks, Pty, Ltd.'s motion to amend their Answer in order to add a counterclaim [Docket No. 122], filed on May 12, 2009. The motion was referred to Magistrate Judge Michael J. Watanabe [Docket No. 123]

and fully briefed by the parties [Docket Nos. 128, 136]. Magistrate Judge Watanabe issued his Recommendation that the motion be denied [Docket No. 139] to which a timely objection was filed [Docket No. 166]. The Court now takes up the motion in light of the Objection and conducts the requisite de novo review.

This case was initiated on March 10, 2008 by plaintiff Registry Systems International ("RSI") when it filed a Verified Complaint signed and attested to by Edward J. Sweeney. *See* Verified Compl. for Damages and Injunctive Relief [Docket No. 1] ("Verified Compl."). Defendants' operative responsive pleading – their second Amended Answer – was accepted for filing by the Court on September 2, 2008. *See* Second Am. Answer, Countercls. and Third-Party Claims [Docket No. 30]. The second Amended Answer also contains counterclaims against RSI and third-party claims against Edward Sweeney, Capital Networks Pty, Ltd., and Charles A. Sweeney.[1] After considerable dispute regarding service of process on the third-party defendants, Mr. Sweeney and Capital Networks filed their Answer to the third-party claims on April 14, 2009. *See* Third-Party Defs. Edward J. Sweeney and Capital Network Pty, Ltd's Answer to First Am. Countercls. and Third-party Claims [Docket No. 108]. On May 12, 2009, the third-party defendants filed a motion to amend their Answer, seeking to add a counterclaim against defendant and third-party plaintiff Vincent Hamm. *See* Third-Party Defs. Edward J. Sweeney and Capital Networks, Pty, Ltd.'s Opposed Mot. to Amend

---

[1] Charles Sweeney has not appeared in this case, and on November 17, 2008, the Clerk of the Court entered default against him [Docket No. 54]. He has not participated in any part of the present conflict. Therefore, going forward, all references to "Mr. Sweeney" describe Edward Sweeney only, and all references to the "third-party defendants" describe Edward Sweeney and Capital Networks only.

Answer to Third-Party Claims to Assert a Counterclaim [Docket No. 122] ("Mot. to Amend"), ex. 1 at 25.

In support of their motion, third-party defendants asserted that third-party plaintiff Vincent Hamm would experience no prejudice from an amendment, that the trial then set for June 22, 2009 would not be impacted, and that it would be "in the interest of justice to permit the amendment, given that Sweeney and [Capital Networks] have been recently brought into this case, that [Vincent] Hamm asserts they are proper parties to contracts at issue, and that [Vincent] Hamm asserts the contracts at issue could not be assigned to RSI without his consent." Motion to Amend at 3.

On May 29, 2009, Magistrate Judge Watanabe issued his Recommendation regarding the motion to amend. *See* Recommendation Regarding Third-Party Defs. Edward J. Sweeney and Capital Networks, Pty, Ltd's Opposed Mot. to Amend Answer to Third-party Claims to Assert a Countercl. (Docket No. 122) [Docket No. 139] ("Recommendation"). After examining the motion, the briefs, and the record, Magistrate Judge Watanabe applied Federal Rule of Civil Procedure 13(f) and related case law to the question of whether the third-party defendants should be permitted to amend their Answer by adding a counterclaim. *See* Recommendation at 2-3. Rule 13(f), as effective until December 1, 2009, states that "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Fed. R. Civ. P. 13(f).

The motion to amend did not allege oversight or inadvertence as grounds for amending their Answer to add a counterclaim, and the Recommendation does not specifically address those criteria. Magistrate Judge Watanabe focused instead on the

3

issues of excusable neglect and the interests of justice. He first explained that "in determining what constitutes excusable neglect in the context of Rule 13(f), courts consider, among other factors, 'the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party.'" Recommendation at 2 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 n.10 (1993)). Magistrate Judge Watanabe concluded that "[h]ere, based upon this standard stated above, and substantially for the reasons stated in the Third-Party Plaintiffs' response (docket no. 128), which this court incorporates by reference, this court finds that the proposed amendments should not be permitted." Recommendation at 3.

The "reasons stated in the Third-Party Plaintiffs' response" which were incorporated into the Recommendation include: Mr. Sweeney's various actions directed at avoiding being joined in this case; Mr. Sweeney's repeated failure to comply with Orders of the Court; the alleged expense incurred by the third-party plaintiffs in attempting to serve Mr. Sweeney and Capital Networks; and the prejudice third-party plaintiffs allegedly will incur if the third-party defendants are permitted to amend their Answer. According to the third-party plaintiffs, the prejudice in question arises because Mr. Sweeney, acting through RSI, would be permitted at a very late stage in the case to change its theory for recovery by asserting contracts that it did not specifically plead in the Verified Complaint.

Within the "excusable neglect" discussion, Magistrate Judge Watanabe also specifically noted the time constraints posed by an impending trial preparation conference and trial in the case. *See* Recommendation at 3 ("To allow this late amended [Answer] would be prejudicial to the Third-Party Plaintiffs and not curable

4

noting the upcoming final trial preparation conference set on June 5, 2009, and jury trial date of June 22, 2009.").

In addressing Rule 13(f)'s "justice so requires" language, Magistrate Judge Watanabe stated that he found "that justice does not require the Third-Party Defendants to bring these untimely counterclaims this late in the litigation." Recommendation at 3.  He then noted that he found "incredulous and disingenuous Edward J. Sweeney's and Capital Networks, Pty, Ltd.'s ("CN") assertion that it is in the interest of justice to permit the amendment given that they have been recently brought into this case" in light of the fact that Edward Sweeney had initiated this case by signing the Verified Complaint on behalf of plaintiff RSI and that he also was a director and shareholder of third-party defendant Capital Networks.  Recommendation at 3. Magistrate Judge Watanabe noted that the third-party defendants "have been aware of the material issues of this litigation since its inception[,] . . . evaded and refused service, refused to participate in court conferences, and opposed attendance at Sweeney's 30(b)(6) deposition."  Recommendation at 3-4.  He then concluded that "Sweeney and [Capital Networks] have caused their delayed recent entry in this case, and such recent entry is thus not a basis to grant the subject motion." Recommendation at 4.

On June 5, 2009, at what was scheduled to be the Trial Preparation Conference in this case, the Court granted Mr. Sweeney, Capital Networks, and RSI's motion to continue the trial that was to begin on June 22, 2009.  As explained during the hearing, the Court felt that the parties and the case were ill-prepared for trial.  The Court continued the trial so that the plaintiff's claims could be "sharpened" and the third-party defendants would have an opportunity to conduct limited discovery.

On June 8, 2009, the plaintiff and/or the third-party defendants[2] filed an Objection to the Magistrate Judge's May 29, 2009 Recommendation regarding the motion to amend [Docket No. 166].[3]  The Objection argues that Federal Rule of Civil Procedure 13 read together with Rules 15 and 16 favor an amendment in this case regardless of the timing.  The Objection argues that the opposing parties' allegations and the Magistrate Judge's conclusions that the third-party defendants evaded service of process were unfounded.  The Objection also suggests that denial of the motion to amend amounts to a sanction for what the third-party defendants believe is their right to insist upon service of process in accordance with international treaties.  The Objection also asserts that no prejudice will befall the defendants and third-party plaintiffs if an amendment is permitted because those parties have been aware of the facts surrounding the third-party defendants' proposed counterclaims.  They argue that prejudice to Sweeney and Capital Networks, however, will occur if they are not

---

[2] While the title of the document presents plaintiff RSI as the putative filer, the opening paragraph states that it is submitted by third-party defendants Edward Sweeney and Capital Networks.

[3] On June 12, 2009, the third-party defendants also filed a motion for reconsideration [Docket No. 172] of Magistrate Judge Watanabe's Recommendation, arguing that the time constraints cited in the Recommendation no longer existed and that fairness required the inclusion of the third-party defendants' counterclaims in this case. Magistrate Judge Watanabe denied third-party defendants' motion for reconsideration "for those reasons already outlined in this court's detailed recommendation (docket no. 139) and for those additional reasons as outlined in the response (docket no. 185) that this court incorporates by reference as additional reasons to deny the subject motion (docket no. 172)." Minute Order [Docket No. 193]. Third-party defendants have not filed a separate Objection to the Minute Order denying the motion for reconsideration and, therefore, that motion is not before the Court.

permitted to amend their Answer because they may be barred from bringing such a claim elsewhere by Federal Rule of Civil Procedure 13(a).

      Mr. Hamm's response to the third-party defendants' Objection argues: that the bad faith of Mr. Sweeney and Capital Networks militates against their proposed amendment; that their knowledge of the proceedings and issues in this case undermines the claim that amendment is necessary due to new developments or general notions of fairness; that the third-party defendants' delayed entrance into this case was caused by their own culpable behavior in avoiding service; that the amendment would prejudice the third-party plaintiffs; and that Mr. Sweeney and Capital Networks waived their right to assert an argument about compulsory counterclaims by failing to include it in the original motion to amend.  *See* Vincent Hamm's Resp. in Opp'n to Pl. Registry Systems International, Ltd.'s Objection to Judge Watanabe's Recommendation [Docket No. 200] ("Resp. to Objection").

      Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation de novo and determines whether to accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1)(C) (2006); Fed. R. Civ. P. 72(b).  I have reviewed the relevant portions of the record, including the motion at issue, the parties' briefs, the Magistrate Judge's Recommendation, and the third-party defendants' Objection.  Having conducted the necessary de novo review of each part of the Magistrate Judge's Recommendation, I accept the Recommendation.

      With respect to the service issue, although the Court has found that the Hamms are not blameless for the delay in properly bringing the third-party defendants into this

case, Mr. Sweeney and Capital Networks cannot feign innocence.[4] There is no doubt that the third-party defendants were, at a minimum, uncooperative when it came to being served in this case. Mr. Sweeney is the putative owner and representative of the plaintiff, RSI, and as such, he signed and attested to the plaintiff's Verified Complaint in this case. Capital Networks was aware of this case and, in fact, participated in it in some respect as early as December 2008. On December 3, 2008 and December 5, 2008 Capital Networks filed motions to set aside an entry of default in this case [Docket Nos. 59, 62].

Therefore, I find it incredible that the third-party defendants could be unaware of the third-party plaintiffs' efforts to bring Mr. Sweeney and Capital Networks into the case. To the extent that Mr. Sweeney argues that he was aware of those efforts, but intended to wait until the third-party plaintiffs managed to serve him in spite his resistance, Mr. Sweeney and Capital Networks cannot now call upon considerations of justice to insist upon an amendment of their Answer. This is particularly true since such an amendment would cause further delay, inconvenience, and expense in this case.

Turning to Mr. Sweeney's notion that the continuation of trial has alleviated the need to exclude his third-party counterclaims, such notion is ill-conceived. The trial was continued in large part due to the parties' lack of preparedness. For example, a stipulated motion filed on June 3, 2009, the day proposed jury instructions were due, stated that "[a]lthough all parties have been working diligently to prepare and finalize

---

[4] The Court noted both at the June 5, 2009 hearing and in the Order setting aside the entry of default against Capital Networks [Docket No. 76] that the defendants' efforts at serving and more importantly at alerting the Court to issues regarding service were inadequate.

these documents, counsel for all parties underestimated the complexity and time necessary to complete these tasks." Stipulated Mot. for a One-Day Extension of Certain Pretrial Deadlines [Docket No. 143] at 2. Through subsequent contact with the parties and the case, it is now apparent to the Court that the aforementioned "complexity" resulted from the way in which plaintiff pled its claims.

In fact, due to RSI's inartfully pled claims, the time between now and the newly-set trial date promises to be consumed with untangling RSI's Complaint and the theories underlying the claims. This fact is demonstrated by the circumstances surrounding RSI's breach of contract claim. Verified Compl. at 15-16. RSI first pled this claim against "all defendants." However, only in response to defendants' motions for summary judgment has RSI made clear that it intends to assert this claim only against two of the six named defendants. Furthermore, only when pressed on the issue during the June 24, 2009 hearing on the motions for summary judgment did RSI admit that none of the defendants in this case is a party to one of the allegedly breached contracts. The complications do not end there; RSI also reports that it now wishes to enforce three contracts that, although discussed in the general fact section of the Verified Complaint, are not discussed in the breach of contract claim. Moreover, it wishes to do this without first amending its Complaint.

Unfortunately, the complications surrounding RSI's breach of contract claim persevere. On July 29, 2009, without seeking leave of the Court, RSI filed a "supplement" to its brief in opposition to Mr. Hamm's motion for summary judgment which purportedly addresses the assignment question [Docket No. 202]. In this supplement, filed three months after the original opposition brief and a month after the

hearing on the matter, RSI offers to the Court for the first time what purports to be a written assignment of one of the contracts at issue.  The assignment is dated March 3, 2008.  In response to RSI's supplement, defendants submitted another written assignment that they purportedly received from RSI on May 19, 2009 [Docket No. 204].  This document was dated May 6, 2009, more than a year after the case was filed and more than a month after Mr. Sweeney testified that the contract in question had already been assigned by written instrument.  According to defendants, RSI did not produce the March 3, 2008 document until June 11, 2009, after being ordered to do so by the Court.

The difficulty in nailing down RSI's shifting factual contentions and theories of relief are not unique to the breach of contract claim.  *See*, *e.g.*, Pl. Registry Systems International, Ltd's Status Report Regarding Claims [Docket No. 169] (stating for the first time on June 11, 2009 that RSI intended to bring its breach of fiduciary duty claim against defendant Aim High!, Inc.).  The foregoing discussion serves to explain why the interests of justice and efficiency preclude Mr. Sweeney from filing another pleading in this case even though the trial has been postponed.  There is no reason to believe that the time between now and the newly-set April trial date would be sufficient if the Court allowed additional claims by Mr. Sweeney and his entities.

As for the third-party defendants' argument concerning the potentially compulsory nature of the third-party counterclaims and the preclusive effect of this proceeding, I agree with Mr. Hamm.  This argument was waived by the third-parties' failure to raise it in the original motion to amend.  Therefore, it was not before the Magistrate Judge, and may not be raised for the first time in an Objection.  *See United States v. Garfinkle,* 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised

for the first time in objections to the magistrate judge's report are deemed waived."). However, I also find that this argument lacks merit in its substance.

The essential question surrounding the motion to amend is why the third-party counterclaims were left out of the original Answer that the third-party defendants now seek to amend. According to the third-party defendants, the reason is that it was not clear at the time the Answer was filed that there was an issue regarding assignment of the contracts. This position is unconvincing for several reasons. First, the Answer was filed on April 14, 2009, two weeks after the defendants raised the assignment issue in their motions for summary judgment. Defs., Counterclaimants, and Third-Party Pls. Vincent Hamm, Aim High!, Inc. and 1 Domain Source, Ltd.'s Mot. for Partial Sum. J. [Docket No. 101] ("V. Hamm's Mot. for Sum. J.") at 8 n.6; Defs., Counterclaimants, and Third-Party Pls. Karen Hamm and Kaim Chigh, LLC's Mot. for Sum. J. [Docket No. 102] at 9 n.6. It was also three weeks after Mr. Sweeney had been questioned about the issue at his deposition. *See* V. Hamm's Mot. for Sum. J., ex. A. More importantly, however, RSI and Mr. Sweeney should have known from the day they filed the Verified Complaint that RSI would have to establish that it was entitled to enforce the allegedly breached contracts. Indeed, plaintiff appears to have been cognizant of this fact, as indicated by the inclusion of the verified statement in the Complaint that one of the contracts at issue was assigned. *See* Verified Compl. ¶ 23.

Therefore, because the counterclaims were not omitted through oversight, inadvertence, or excusable neglect and because justice does not so require, Mr. Sweeney and Capital Networks will not be permitted to amend their Answer to include a third-party counterclaim. They must instead attempt to bring their breach of contract

claim in a separate action.  Thus, Magistrate Judge Watanabe's Recommendation [Docket No. 139] is accepted, and it is

**ORDERED** that Third-party Defendants Edward J. Sweeney and Capital Networks, Pty, Ltd.'s Opposed Motion to Amend Answer to Third-party Claims to Assert a Counterclaim [Docket No. 122] is DENIED.  It is further

**ORDERED** that each party is to pay their own attorney's fees and costs associated with Third-party Defendants Edward J. Sweeney and Capital Networks, Pty, Ltd.'s Opposed Motion to Amend Answer to Third-party Claims to Assert a Counterclaim [Docket No. 122].

DATED July 30, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge