IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00495-PAB-MJW

REGISTRY SYSTEMS INTERNATIONAL, LTD.,

Plaintiff,

v.

KIM KEELING,

Defendant,

and

VINCENT HAMM,
KAREN HAMM,
AIM HIGH!, INC.,
KAIM CHIGH, LLC, and
I DOMAIN SOURCE LTD.,

Defendants, Counterclaimants and Third-Party Plaintiffs,

v.

EDWARD J. SWEENEY,
CHARLES A. SWEENEY, and,
CAPITAL NETWORKS , PTY, LTD., a/k/a PACNAMES, LTD.

Third-Party Defendants.

---

## RECOMMENDATION REGARDING
## DEFENDANTS, COUNTERCLAIMANTS AND THIRD-PARTY PLAINTIFFS, VINCENT HAMM, KAREN HAMM, AIM HIGH!., KAIM CHIGH, LLC, AND 1 DOMAIN SOURCE, LTD.'S (" HAMM DEFENDANTS") MOTION FOR SANCTIONS AGAINST THIRD-PARTY DEFENDANTS FOR FAILURE TO OBEY DISCOVERY ORDER
## (DOCKET NO. 265)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Hamm Defendants' Motion for Sanctions

Against Third-Party Defendants for Failure to Obey Discovery Order [subject motion]

2

(Docket No. 265).  The court has reviewed the subject motion (docket no. 265) and the response (docket no. 266).  In addition, the court has taken judicial notice of the court's file and considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.   That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2.   That venue is proper in the state and District of Colorado;

3.   That each party has been given a fair and adequate opportunity to be heard on this subject motion (Docket No. 265);

4.   That "[d]iscovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions."  Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997);

5.   That "[t]o ensure that the expansive discovery permitted by Rule 26(b)(1) does not become a futile exercise, putative litigants have a duty to preserve documents that may be relevant to pending or imminent litigation."  Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 620 (D. Colo. 2007) (citing Zubulake v. UBS Warburg, LLC, 200 F.R.D. 212, 216 (S.D.N.Y. 2003) ("the obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should

3

have known that the evidence may be relevant to future litigation"));

6.   That "'[s]poliation' has been defined as 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Id. (and cases cited therein);

7.   That "[t]he court has inherent power to impose sanctions for the destruction or loss of evidence." Id. (and cases cited therein). "Federal courts have authority to impose a variety of sanctions for spoliation including dismissal of the action." Kokins v. Teleflex Inc., 2007 WL 4322322, *2 (D. Colo. Dec. 6, 2007) (Miller, J.). "When deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which generally carry the most weight: 1) the degree of culpability of the party who lost or destroyed the evidence; and (2) the degree of actual prejudice to the other party." Id. (quoting Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc., 1998 WL 68879, *13 (10th Cir. Feb. 20, 1998) (unpublished)). "[T]he destruction need not be in bad faith to warrant spoliation sanctions." Id.;

8.   That "[t]he movant has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it." Ernest v. Lockheed Martin Corp., 2008 WL 2945608, *1 (D. Colo. July 28, 2008);

9.   That on November 25, 2009, Magistrate Judge Watanabe

4

ORDERED, in pertinent part, the following:

> "It is FURTHER ORDERED that Third-Party Defendants
> Edward J. Sweeney and Capital Networks, PTY, Ltd., shall
> provide to Defendant and Counterclaimants complete
> responses to Defendant and Counterclaimants' Requests for
> Production numbered 3, 4, 8, 9 as outlined in the subject
> motion on or before December 10, 2009."

See docket no. 252;

10.   That on December 9, 2009, Magistrate Judge Watanabe granted
an extension of time for the Third-Party Defendants Edward J.
Sweeney and Capital Networks, PTY, Ltd., to comply with
Magistrate Judge Watanabe's Order (docket no. 252) until
December 17, 2009.  (docket no. 259).  To date, the Third-Party
Defendants Edward J. Sweeney and Capital Networks, PTY, Ltd.,
have not provided complete responses to the Defendant and
Counterclaimants' Requests for Production numbered 8 and 9;

11.   That Federal Rule of Civil Procedure 37(c)(1) provides in pertinent
part that "[i]f a party fails to provide information or identify a witness
as required by Rule 26(a) or (e), the party is not allowed to use that
information or witness to supply evidence on a motion, at a hearing,
or at a trial, unless the failure was substantially justified or is
harmless."  Fed. R. Civ. P. 37(c)(1).   "The determination of whether
a Rule 26(a) violation is justified or harmless is entrusted to the

5

broad discretion of the district court." <u>Jacobsen v. Deseret Book Co.</u>, 287 F.3d 936, 953 (10th Cir. 2002) (internal quotations omitted);

12.   That Rule 37(b)(2)(A) provides in pertinent part that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders" including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims. . . ." Fed. R. Civ. P. 37(b)(2)(A);

13.   That "the general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction." <u>Aramburu v. Boeing Co.</u>, 112 F.3d 1398, 1407 (10th Cir. 1997).  "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." <u>Id.</u>;

14.   That "'bad faith' is the antithesis of good faith and has been defined in the cases to be when a thing is done dishonestly and not merely negligently.  It is also defined as that which imports a dishonest purpose and implies wrongdoing or some motive of self-interest." <u>Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.</u>, 244 F.R.D. at 635;

6

15.   That there is no smoking gun establishing who caused the loss of

data, but the evidence strongly supports the conclusion that the

person was Mr. Sweeney or someone acting on his behalf.

Nevertheless, the court finds that the Hamm Defendants have

shown by a preponderance of the evidence that after the duty to

preserve arose, Mr. Sweeney failed to preserve evidence and, in

fact, destroyed it in bad faith and intended to prevent disclosure of

relevant evidence.


It should be noted that Third-Party Defendants Edward J. Sweeney

and Capital Networks, PTY, Ltd., **did not indicate initially** that

they could not comply with this court's November 25, 2009 Order

(docket no. 252).  Instead, the Third-Party Defendants Edward J.

Sweeney and Capital Networks, PTY, Ltd., filed a motion to extend

time to comply with this court's Order (docket no. 252).  That on

December 9, 2009, Magistrate Judge Watanabe granted this

motion (docket no.  259) and gave the Third-Party Defendants

Edward J. Sweeney and Capital Networks, PTY, Ltd. until

December 17, 2009, to comply with this court's Order (docket no.

252).


The inference can, and has been drawn by this court, that the

timing of the destruction indicates that whoever was responsible

knew that the evidence discovered would very well reveal information that Third-Party Defendants Edward J. Sweeney and Capital Networks, PTY, Ltd., did not want revealed.  Furthermore, it is clear that the requested materials did exist at one time and the timing of such destruction was after the commencement of this action, at which time the parties had an obligation to preserve such evidence;

16.    That there is no evidence upon which the court can conclude that the Hamm Defendants had knowledge of the destruction of subject materials;

17.    That under the specific facts of this case, Third-Party Defendants Edward J. Sweeney and Capital Networks, PTY, Ltd., knew or should have known that the requested materials in the subject motion (docket no. 265), which includes the financial records and other materials, including but not limited to, a contract with an entity known as PacNames (the "Pacnames Agreement") and certain merchant statements prepared by a company called Promisant (the "Promisant Statements"), were relevant to this litigation from the beginning of this litigation.  The loss of such materials has prejudiced the Hamm Defendants' from prosecuting their unjust enrichment claim.  *See* numerous hearings before Magistrate Judge Watanabe wherein Judge Watanabe ruled on many discovery issues; issues concerning claims brought; and

8

numerous hours and court time trying to determine service of
process and proper named parties;

That Third-Party Defendants Edward J. Sweeney and Capital
Networks, PTY, Ltd., had an obligation from the filing of this lawsuit,
to preserve the subject non-privileged materials listed above.

Under the particular circumstances presented here, preservation of
such materials would not have constituted an impractical, undue
burden because the sources of such materials were quite limited.
In any event, all of the purported evidence destruction appears to
have occurred several months after the action was actually
commenced;

18.     That "the party seeking an adverse inference must adduce
sufficient evidence from which a reasonable trier of fact could infer
that the destroyed [or unavailable] evidence would have been of the
nature alleged by the party affected by its destruction. . . .  Courts
must take care not to hold[] the prejudiced party to too strict a
standard of proof regarding the likely contents of the destroyed [or
unavailable] evidence, because doing so would subvert the
purposes of the adverse inference, and would allow parties who
have . . . destroyed evidence to profit from that destruction."
Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d

9

99, 109 (2d Cir. 2002) (internal quotations and citation omitted).

"Where a party destroys evidence in bad faith, that bad faith alone

is sufficient circumstantial evidence from which a reasonable fact

finder could conclude that the missing evidence was unfavorable to

that party." Id. See Aramburu v. Boeing Co., 112 F.3d at 1407;

19.    That the Hamm Defendants' ability to litigate their claims has been

substantially prejudiced by the Third-Party Defendants Edward J.

Sweeney and Capital Networks, PTY, Ltd.'s failure to preserve

potentially relevant and responsive information (materials);

20.    That Third-Party Defendants Edward J. Sweeney and Capital

Networks, PTY, Ltd.'s failure to preserve such discovery has forced

the Hamm Defendants to incur considerable additional discovery

expenses;

21.    That while the court finds that the destruction of evidence here was

the result of willfulness and bad faith, upon consideration of the

circumstances presented in the instant motion and the so-called

"Ehrenhaus factors,"[1] the extreme, severe sanction of a dispositive

sanction, namely, entry of default judgment (albeit tempting under

the circumstances presented here) is not recommended.  "Because

---

[1]"Before choosing dismissal as a just sanction, a court should ordinarily consider
a number of factors, including (1) the degree of actual prejudice to the defendant; (2)
the amount of interference with the judicial process; . . . (3) the culpability of the litigant,
. . . (4) whether the court warned the party in advance that dismissal of the action would
be a likely sanction for noncompliance, . . . and (5) the efficacy of lesser sanctions."
Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks
and citations omitted).

10

dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotation marks omitted).  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." Id. at 921; and

22. That an adverse inference instruction to the jury at trial which instructs that the jury infer that the destroyed evidence would have been unfavorable to Third-Party Defendants Edward J. Sweeney and Capital Networks, PTY, Ltd., should be permitted.  In addition, the Hamm Defendants should be awarded their reasonable costs and attorney fees for this motion (docket no. 265) for the Third-Party Defendants Edward J. Sweeney and Capital Networks, PTY, Ltd.'s failure to preserve, including compensation for the CD provided to the Hamm Defendants by Third-Party Defendants Edward J. Sweeney and Capital Networks, PTY, Ltd., in discovery containing automotive repair software which caused additional delay and additional expense to the Hamm Defendants, noting that such automotive repair software information was totally non-responsive to the Hamm Defendants' discovery requests and totally irrelevant to the issues in this lawsuit.

**RECOMMENDATION**

11

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1.    That the Hamm Defendants' Motion for Sanctions Against Third-Party Defendants for Failure to Obey Discovery Order [subject motion]  (Docket No. 265) be **GRANTED**;

2.    That this action not be dismissed based upon the spoliation; however,

3.    That an adverse inference jury instruction be permitted allowing the jury to infer that the such materials (records) listed above contained information harmful to Third-Party Defendants Edward J. Sweeney and Capital Networks, PTY, Ltd.;

4.    That the Hamm Defendants be awarded their attorney fees and costs for this motion (docket no. 265) and for the additional discovery expenses incurred as a result of the defendants' failure to preserve, including compensation for the time and expense involved in the forensic examination of the Third-Party Defendants Edward J. Sweeney and Capital Networks, PTY, Ltd.'s CD that was delivered to the Hamm Defendants containing automotive repair software which caused additional delay and additional expense to the Hamm Defendants, noting that such automotive repair software information was totally non-responsive to the Hamm Defendants' discovery requests and totally irrelevant to the issues in this lawsuit;

5.    That if District Judge Brimmer accepts this recommendation, then

12

District Judge Brimmer should set a date certain for the Hamm

Defendants to file their written itemized bills of costs of this motion

(docket 265) and their written itemized affidavit for attorney fees for

this motion (docket no. 265) with the court.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

**parties have ten (10) days after service of this recommendation to serve and file**

**written, specific objections to the above recommendation with the District Judge**

**assigned to the case.  The District Judge need not consider frivolous, conclusive,**

**or general objections.  A party's failure to file and serve such written, specific**

**objections waives *de novo* review of the recommendation by the District Judge,**

**Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of**

**both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183**

**F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir.**

**1996).**

Done this 18th day of February 2010.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE