IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00495-PAB-MJW

REGISTRY SYSTEMS INTERNATIONAL, LTD.,

    Plaintiff,

v.

VINCENT HAMM,
KAREN HAMM,
AIM HIGH!, INC., and
1 DOMAIN SOURCE, LTD.,

    Defendants and Third Party Plaintiffs,

v.

EDWARD J. SWEENEY,
CHARLES A SWEENEY, and
CAPITAL NETWORKS, PTY., LTD., A/K/A PACNAMES, LTD.,

    Third Party Defendants.
_____

**ORDER**
_____

This matter is before the Court on defendants, third party plaintiffs and counter claimants Vincent Hamm, Karen Hamm, Aim High!, Inc. and 1 Domain Source Ltd.'s brief regarding their equitable claims [Docket No. 379] as well as plaintiff Registry Systems International, Ltd.'s brief regarding its equitable claims [Docket No. 380]. Responses have been filed to the briefs [Docket Nos. 381, 382] and they are ripe for disposition. This matter is also before the Court on third-party plaintiffs Vincent Hamm, Aim High!, Inc., and 1 Domain Source, Ltd.'s motion to dismiss their claims against third

party defendant Charles A. Sweeney and their claim for declaratory relief [Docket No. 384]. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction.

## I. BACKGROUND

This case arises out of a soured business relationship between plaintiff Registry Systems International, Ltd. ("RSI") and its owner Edward Sweeney, on the one hand, and defendants Vincent and Karen Hamm, on the other. At issue, among other things, was the ownership of five internet companies, referred to as "the Domain Name Companies." *See* Docket No. 1 at 24. In its complaint, RSI asserted a series of claims against defendants Vincent Hamm, Karen Hamm, Kim Keeling, Aim High!, Inc. ("Aim High!"), Kaim Chigh, LLC ("Kaim Chigh"), and 1 Domain Source, LLC ("1 Domain Source"). Subsequently, third-party plaintiffs Vincent Hamm, Aim High!, and 1 Domain Source asserted various claims against third-party defendants Edward J. Sweeney, Charles A. Sweeney and Capital Networks, Pty., Ltd ("Capital Networks").

This case proceeded to a six-day jury trial beginning on April 12, 2010. After the Court's resolution of defendants' and third party-plaintiffs' motions for summary judgment and Fed. R. Civ. P. 50 motions for judgment as a matter of law, only a handful of claims remained for the jury to resolve. RSI's remaining claims included conversion against Vincent Hamm and Aim High!, breach of fiduciary duty against Vincent Hamm, and unjust enrichment against 1 Domain Source. The jury found in favor of RSI on its conversion claim against Vincent Hamm, but rejected RSI's conversion claim against Aim High!. The jury also found that RSI contributed to the damages it incurred and allocated 50% of the fault regarding the conversion claim to Vincent Hamm, 25% to

RSI, and 25% to Edward Sweeney. The jury awarded RSI $212,685 in damages against Vincent Hamm on its conversion claim. The jury also found in favor of RSI on its breach of fiduciary duty claim against Vincent Hamm and awarded RSI $52,453 in damages. The jury further rejected RSI's unjust enrichment claim against 1 Domain Source.

As for Vincent Hamm's and Aim High!'s claims, the jury rejected Vincent Hamm and Aim High!'s breach of contract claim against Edward Sweeney, but found in their favor on their breach of contract claim against RSI, awarding them $44,315 in damages. The jury also found in favor of Vincent Hamm and Aim High! on their conversion claim against Edward Sweeney, awarding them $3,500 in damages. The jury rejected Vincent Hamm and Aim High!'s fraud, promissory estoppel, and unjust enrichment claims against RSI and Edward Sweeney.

## II. EQUITABLE CLAIMS

After the jury's verdict, the only claims remaining in this case, save for those claims against defaulted third-party defendant Charles Sweeney (the father of Edward Sweeney), are equitable in nature. On April 20, 2010, the Court ordered the parties to file briefs addressing their respective equitable claims. The parties' briefs are now before the Court.

### A. Standard of Review

#### 1. Declaratory Relief

Both RSI and third-party plaintiffs assert claims for declaratory relief. Jurisdiction in this case is based on diversity, and therefore, although Colorado law applies to the

substantive issues in this case, federal law governs the standards for granting a declaratory judgment. *See, e.g.*, *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994) (applying federal standards in diversity case). Thus, the Declaratory Judgment Act governs these claims. The Act provides: "In a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act creates two separate requirements that parties seeking a declaratory judgment must meet. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). First, there must be an "actual controversy" at issue. *Surefoot LC*, 531 F.3d at 1240 (noting that the "actual controversy" requirement is tied to the case-or-controversy requirement of Article III of the United States Constitution).

In determining if an "actual controversy" exists, the Supreme Court noted that its previous decisions require

> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks and alteration marks omitted). Stated otherwise, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

Once a district court satisfies itself that an "actual controversy" exists, the court then turns to the second requirement under the Declaratory Judgment Act. This step embraces the permissive language of the Act – that a district court *"may* declare the rights and other legal relations." 28 U.S.C. § 2201(a) (emphasis added). A district court must consider several case-specific factors when deciding whether to exercise its authority to issue a declaratory judgment. *Surefoot*, 531 F.3d at 1240. These various "equitable, prudential, and policy arguments" weigh on the court's discretionary decision to either entertain or dismiss a declaratory judgment claim. *MedImmune*, 549 U.S. at 136.

### 2. Injunctive Relief

RSI also asserts a claim for injunctive relief. In diversity cases, permanent injunctions are governed by the relevant state's law. *See* 19 Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 4513 (2d ed. 2009); *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1002 (10th Cir. 2008) ("In diversity cases, the law of the forum state governs claims for injunctive relief."). In Colorado, "[a]n injunction is an extraordinary and discretionary remedy which is available when there is no adequate remedy at law, or when authorized by statute." *May Dept. Stores Co. v. State ex rel. Woodard*, 863 P.2d 967, 978 (Colo. 1993). "A party seeking a permanent injunction must show that: (1) the party has achieved actual success on the merits; (2) irreparable harm will result unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause to the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Dallman v. Ritter*, 225 P.3d 610,

621 n.11 (Colo. 2010) (quoting *Langlois v. Bd. of Cnty. Comm'rs*, 78 P.3d 1154, 1158 (Colo. App. 2003)).

### B. Third-Party Plaintiffs' Equitable Claims

Third-party plaintiffs Vincent Hamm, Karen Hamm, Aim High!, and 1 Domain Source originally sought a declaration regarding the unenforceability as contracts of various documents. *See* Docket No. 30 [Second Amended Answer, Counterclaims and Third-Party Claims] at 29-30. As third-party plaintiffs concede in their brief, the enforceability of these documents was settled by the Court when it granted summary judgment and then judgment as a matter of law on RSI's breach of contract claims. *See* Docket No. 379 at 2. Therefore, the Court finds that no actual controversy persists as to third-party plaintiffs' claim for declaratory relief, and the Court will deny this claim.

### C. RSI's Equitable Claims

In its complaint, RSI sought both declaratory and injunctive relief. These claims will be addressed separately.

#### 1. *Declaratory Relief*

RSI's complaint sought four declarations, Docket No. 1 [Verified Complaint] at 24, which were subsequently limited by the Court's summary judgment order and reduced to three. *See* Docket No. 275 at 36. These modified declarations are: (1) that Vincent Hamm owed fiduciary duties to RSI; (2) that Vincent Hamm breached his fiduciary duties to RSI; and (3) that defendants are accountable to RSI for all funds derived by them from the RSI business. *See id.* These declarations differ from the declarations RSI now seeks in its brief regarding equitable claims. *See* Docket No. 380

at 2. As the Court previously explained, *see* Docket No. 275 at 12, RSI cannot amend its pleading without following the procedures of Fed. R. Civ. P. 15(a). The Court therefore will only consider the declaratory relief RSI sought in its complaint.

As to the first and second declarations, the Court finds that there is no actual controversy remaining on these issues. RSI seeks declarations that Vincent Hamm owed a fiduciary duty to RSI and that he breached this duty; however, the jury found as much when it granted RSI's breach of fiduciary duty claim and awarded RSI damages. *See* Docket No. 373-1 [Verdict Form] at 2-3. Therefore, the Court will deny RSI's first two requests for declaratory relief. *See Surefoot LC*, 531 F.3d at 1240.

As to the third declaration, the Court finds that the jury verdict also completely settled the issue. The jury found in favor of RSI on its conversion claim against Vincent Hamm, awarding RSI $212,685 in damages, but apportioned the fault related to this claim only 50% to Hamm, with 25% to RSI and 25% to Edward Sweeney. *See* Docket No. 373-1 at 1, 4. RSI claims the verdict improperly allowed Vincent Hamm to "retain at least half the value of the Domain Name Companies that he unlawfully seized from RSI" and urges the Court to "declare that Hamm is accountable to RSI for the full value of the Domain Name Companies." Docket No. 380 at 4-5. RSI misconstrues the verdict. The jury did not allow Hamm to retain any unlawfully seized property; rather, it awarded damages to RSI in proportion to the fault it ascribed to RSI, Sweeney and Hamm. The jury verdict thus entirely disposed of RSI's conversion claim and its right to compensation for the conversion of the Domain Name Companies. RSI's brief argues that its damages were "improperly reduced" by 50% and notes that it intends to file a Fed. R. Civ. P. 59 motion on this issue, *see* Docket No. 380 at 6, n. 1; however, RSI

never filed such a motion and has thus waived this issue. *See* Fed. R. Civ. P. 59(b) (requiring that a motion for new trial be filed 28 days after the judgment); 59(e) (requiring that a motion to alter or amend judgment be filed in the same time period). Therefore, the Court finds that the jury verdict entirely disposed of RSI's claim to the funds derived from the "RSI business" and that no actual controversy remains on RSI's third request for declaratory relief. *See Surefoot LC*, 531 F.3d at 1240.

### 2. *Injunctive Relief*

RSI's complaint sought an injunction requiring defendants to transfer control of the Domain Name Companies to RSI. *See* Docket No. 1 at 24. RSI continues to argue for this relief in its brief, contending that "injunctive relief compelling the return of the Domain Name Companies to RSI is appropriate because the jury did not award RSI the full value of the Domain Name Companies." Docket No. 380 at 5. RSI presents two arguments for why the jury verdict is inadequate to compensate it for its injuries and therefore it has no adequate remedy at law. First, RSI argues that, in finding for it on its conversion claim, the jury determined that RSI was the owner of the companies, but nonetheless awarded RSI insufficient damages because it did not award RSI the full value of the companies. *See id.* at 6. Although RSI is correct that the remedy for conversion can be the payment of the "full value" of the converted property, *see* Restatement (Second) of Torts § 222A(1), here the jury specifically diminished the award based on RSI's and Sweeney's percentage of fault. Therefore, the jury verdict fully compensated RSI for the conversion of the companies. Second, RSI now argues that the companies are "unique and difficult to value," making an award of their

estimated worth an inadequate remedy. See Docket No. 380 at 6. At trial, however, Edward Sweeney was more than willing to fix the value of the companies. See Docket No. 381-1 at 17. Moreover, to allow RSI to recover both its percentage of the damages for conversion and to take ownership of the Domain Name Companies would grant it a double recovery. Therefore, because RSI has an adequate remedy at law, the Court will deny its claim for injunctive relief.

## III. MOTION TO DISMISS

Third-party plaintiffs Vincent Hamm, Aim High!, and 1 Domain Source seek dismissal of their claims against third-party defendant Charles Sweeney and their claims for declaratory relief pursuant to Fed. R. Civ. P. 41(c). Docket No. 384 at 1-2. Third-party plaintiffs specifically seek to have their claims dismissed without prejudice. RSI responds to the motion by contending that the claims should be dismissed with prejudice. See Docket No. 385.

### A. Claims Against Charles Sweeney

On November 17, 2008, the Clerk entered default against Charles Sweeney [Docket No. 54]. Charles Sweeney never filed a pleading or answered third-party plaintiffs' claims. However, default judgment has not entered against Charles Sweeney pursuant to Fed. R. Civ. P. 55(b) and third-party plaintiffs now assert that they do not wish to seek default judgment against him. See Docket No. 384 at 2. Fed. R. Civ. P. 41(a)(1)(A)(i) allows for voluntary dismissal without Court order where a notice of dismissal is served "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(B) allows that, "[u]nless the notice or

stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(c) applies 41(a)(1)(A)(i) to counterclaims and third-party claims where the dismissal is made "before a responsive pleading is served." Third-party plaintiffs moved to dismiss their claims against Charles Sweeney before he served a responsive pleading; therefore, under Fed. R. Civ. P. 41, their claims are automatically dismissed upon this notice to the Court.

### B. Claim for Declaratory Relief

Third-party plaintiffs' claim for declaratory relief will de denied, as explained above. Therefore, the portion of third-party plaintiffs' motion seeking dismissal without prejudice as to this claim is denied as moot.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff RSI's claims for equitable relief are DENIED. It is further

**ORDERED** that third-party plaintiffs Vincent Hamm, Karen Hamm, Aim High!, Inc. and 1 Domain Source Ltd.'s claims for declaratory relief are DENIED. It is further

**ORDERED** that third-party plaintiffs Vincent Hamm, Aim High!, Inc., and 1 Domain Source, Ltd.'s Motion to Dismiss Third-Party Plaintiffs' Claims Against Charles A. Sweeney and Declaratory Relief Claim Without Prejudice [Docket No. 384] is GRANTED in part and DENIED in part. Third-party plaintiffs' claims against Charles A. Sweeney were dismissed without prejudice upon the third-party plaintiffs' filing of their motion. It is further

**ORDERED** that final judgment shall enter as follows:

All claims by and against Kim Keeling have been dismissed by voluntary stipulation. Docket No. 222.

Final judgment has entered as to all claims by and against Kaim Chigh. Docket No. 328.

All claims by and against Karen Hamm were dismissed by stipulation. Docket No. 360 at 231.

RSI's claims for breach of contract were dismissed by the Court's summary judgment order and Rule 50 ruling. Docket No. 275 at 37; Docket No. 360 at 8-10.

The Court dismissed RSI's claim for conversion against 1 Domain Source as part of its Rule 50 ruling. Docket No. 360 at 12. The jury found in favor of RSI on its claim for conversion against Vincent Hamm and awarded RSI $212,685.00 in damages. Docket No. 373-1 at 1-2. The jury rejected RSI's claim for conversion against Aim High!. Docket No. 373-1 at 2.

RSI's claim for tortious interference was dismissed by the Court's summary judgment order. Docket No. 275 at 38.

RSI's claim for deceptive trade practices under the Colorado Consumer Protection Act was dismissed by the Court's summary judgment order. Docket No. 275 at 38.

The jury found in favor of RSI on its claim for breach of fiduciary duty against Vincent Hamm and awarded $52,453.00 in damages to RSI. Docket No. 373-1 at 1-2.

RSI's claim for unjust enrichment against 1 Domain Source was rejected by the jury. Docket No. 373-1 at 3.

RSI's claims for declaratory judgment and injunctive relief are denied by this order.

All claims asserted by 1 Domain Source were dismissed by the Court's Rule 50 ruling. Docket No. 360 at 238.

The jury found in favor of Vincent Hamm and Aim High! on their breach of contract claim against RSI and awarded them $44,315 in damages. Docket No. 373-2 at 2.

The jury rejected Vincent Hamm and Aim High!'s breach of contract claim against Edward Sweeney. Docket No. 373-2 at 1.

The jury found in favor of Vincent Hamm and Aim High! on their conversion claim against Edward Sweeney and awarded them $3,500 in damages. Docket No. 373-2 at 2-3.

Vincent Hamm and Aim High!'s fraud claims against RSI and Edward Sweeney were rejected by the jury. Docket No. 373-2 at 3.

Vincent Hamm and Aim High!'s intentional interference claim was denied by the Court's Rule 50 ruling. Docket No. 360 at 237.

Vincent Hamm's promissory estoppel claims against Edward Sweeney and RSI were rejected by the jury. Docket No. 373-2 at 4.

Vincent Hamm and Aim High's unjust enrichment claims against RSI and Edward Sweeney were rejected by the jury. Docket No. 373-2 at 4-5.

Vincent Hamm and Aim High!'s claims against Charles Sweeney are dismissed without prejudice by this order.

Vincent Hamm and Aim High!'s claim for declaratory relief is dismissed with prejudice by this order.

DATED January 28, 2011.

BY THE COURT:

  s/Philip A. Brimmer                   
PHILIP A. BRIMMER
United States District Judge