IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00495-PAB-MJW

REGISTRY SYSTEMS INTERNATIONAL, LTD.,

    Plaintiff,

v.

VINCENT HAMM,
KAREN HAMM,
AIM HIGH!, INC., and
1 DOMAIN SOURCE, LTD.,

    Defendants and Third Party Plaintiffs,

v.

EDWARD J. SWEENEY,
CHARLES A SWEENEY, and
CAPITAL NETWORKS, PTY., LTD., A/K/A PACNAMES, LTD.,

    Third Party Defendants.

---

# ORDER

---

This matter is before the Court on the Motion to Correct Judgment [Docket No. 420] filed by plaintiff Registry Systems International, Ltd. ("RSI"). Pursuant to Fed. R. Civ. P. 60(a), RSI requests that the Court amend the Final Judgment [Docket No. 393] to reflect an award of prejudgment interest in its favor at the rate of eight percent per annum. Docket No. 420 at 1. The motion is fully briefed and ripe for disposition.

The trial is this case took place between April 12 and April 20, 2010. At the conclusion of the trial, the jury awarded RSI $265,138 in damages on the claims it asserted against Vincent Hamm. Docket No. 373-1 at 3. The jury also awarded

$44,315 in damages to Vincent Hamm and Aim High!.  Docket No. 373-2 at 5.  On February 1, 2011, the Clerk of the Court entered Final Judgment [Docket No. 393].  The final judgment provides for postjudgment interest at the rate of 0.26%, but is otherwise silent about statutory or prejudgment interest.  Docket No. 393 at 3.

On November 11, 2011, approximately ten months after the entry of final judgment, RSI filed the present Rule 60(a) motion.  RSI requests that the Court amend the final judgment to reflect an award of prejudgment interest at the rate of eight percent per annum.  Docket No. 420 at 2.  RSI contends that, under Colorado law, an award of prejudgment interest is mandatory and Rule 60(a) of the Federal Rules of Civil Procedure is the proper mechanism to amend final judgments to reflect mandatory prejudgment interest.   Docket No. 422 at 2-3.

In response, defendants Vincent Hamm and Aim High! assert that RSI is not entitled to relief under Rule 60(a).  Docket No. 421 at 2.  Defendants argue that an award of prejudgment interest is a merits based decision and can only be amended pursuant to Rule 59(e).  *Id*.  Defendants claim that a postjudgment motion for prejudgment interest calls into question the substantive correctness of the judgment and is not the equivalent of a motion to correct a clerical error or omission under Rule 60(a).  *Id*.

A "federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest."  *Loughridge v Chiles Power Supply Co.*, 431 F.3d 1268, 1288 (10th Cir. 2005).  In this case, it is undisputed that, pursuant to Colo. Rev. Stat. § 5-12-102, an award of prejudgment interest to the prevailing party is mandatory.  *James v. Coors Brewing Co.,* 73 F. Supp. 2d 1250, 1254 (D. Colo. 1999).  Accordingly,

the issue presented by this motion is whether Fed. R. Civ. P. 59(e) or 60(a) is the proper mechanism to make a postjudgment motion for prejudgment interest.

In *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989), the Supreme Court addressed the application of Rule 59(e) to a motion for discretionary, as opposed to mandatory, prejudgment interest. The Court held that "a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)" and is subject to the limits set forth therein. 489 U.S. at 175. The Court also addressed the issue of mandatory prejudgment interest:

> We do not believe the result should be different where prejudgment interest is available as a matter of right. It could be argued that where a party is entitled to prejudgment interest as a matter of right, a reexamination of issues relevant to the underlying merits is not necessary, and therefore the motion should be deemed collateral in the sense we have used that term. However, mandatory prejudgment interest, no less than discretionary prejudgment interest, serves to remedy the injury giving rise to the underlying action and in that sense is part of the merits of the district court's decision.

*Id*. at 176 n.3 (citations and quotation marks omitted). The Court further explained that courts and litigants are best served by a "bright-line rule" and that even a motion for mandatory prejudgment interest "implicates the merits of the district court's judgment." *Id*.

Although the discussion of postjudgment motions for mandatory prejudgment interest in *Osterneck* was dicta, other courts have held that postjudgment motions for prejudgment interest are governed by Rule 59(e). *See Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Cont'l Ins. Co.*, 891 F.2d 772, 780 (10th Cir. 1989) (stating that a motion for prejudgment interest is a Rule 59(e) motion to alter or amend the judgment);

*Capstick v. Allstate Ins. Co.*, 998 F.2d 810, 813 (10th Cir. 1993) (same); *Winslow v. Fed. Energy Regulatory Comm'n*, 587 F.3d 1133, 1135-36 (D.C. Cir. 2009) (finding that postjudgment motion for mandatory prejudgment interest is governed by Rule 59(e)); *Crowe v. J.P. Bolduc*, 365 F.3d 86, 93-94 (1st Cir. 2004) (same)

To distinguish the aforementioned authority, RSI relies on three cases: *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989), *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384 (6th Cir. 1998), and *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063 (10th Cir. 2008).

In *McNickle*, the district court entered final judgment in favor of plaintiffs "with interest thereon as provided by law." 888 F.2d at 679-80. Approximately two years after the entry of final judgment, the plaintiffs filed a Rule 60(a) motion requesting that the district court add mandatory prejudgment interest to the final judgment. *Id*. The district court denied the plaintiffs' motion finding that the addition of prejudgment interest would amount to a "substantive, adjudicatory determination," and requested more than was permissible under Rule 60(a), which is fixing a clerical error. *Id*. The Tenth Circuit reversed and held that, because the district court's final judgment "intended to award interest as provided by law," plaintiffs' Rule 60(a) motion was the proper mechanism to add prejudgment interest. *Id*. at 682. The court noted that the plaintiffs were solely asking the district court to insert "the omitted particulars of the prejudgment interest award." *Id*. The court reasoned that, because Rule 60(a) specifically addresses the problem of omissions in judgments, the plaintiffs' motion was neither an original post-judgment request for prejudgment interest nor a request that the

4

amount due be changed in any way.  *Id*.  The court held that a plaintiff could rely on Rule 60(a) to amend a judgment to include prejudgment interest so long as the initial judgment "states that interest is to be 'according to law' but the rate is not specified." 888 F.2d at 682.  Here, however, the final judgment does not mention prejudgment interest or interest as provided by law.  Moreover, RSI does not provide evidence showing that the Court intended to grant prejudgment interest.  Thus, unlike *McNickle*, this case does not present a situation where the Court would be inserting "omitted particulars" in the final judgment, but rather presents an "original post-judgment request for prejudgment interest." *Id*.

*Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384 (6th Cir. 1998), presents a similar set of facts to those in *McNickle*.  In *Pogor*, the district court entered final judgment in favor of plaintiff "plus statutory interest and taxable costs, as allowable under law." 135 F.3d at 386.  After final judgment entered, the plaintiff filed a motion pursuant to Rule 60(a) requesting that the district court set mandatory prejudgment interest on the final judgment. *Id*.  The district court granted the plaintiff's motion and the defendant appealed.  In upholding the district court's ruling, the Sixth Circuit held that the district court could add the mandatory prejudgment interest pursuant to Rule 60(a) because the plaintiff's motion did not seek to alter or amend the judgment, but simply asked the court to insert the omitted particulars of the prejudgment interest award. *Id*. at 388. The Sixth Circuit compared the district court's order to a "ministerial task[]" wherein the district supplied information omitted from the final judgment. *Id*.  Thus, *Pogor* is distinguishable on the same basis as *McNickle*.

Finally, in *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063 (10th Cir. 2008), the district court entered a final judgment awarding postjudgment interest to "accrue at the legal rate of 5% per annum" while the correct legal rate was 5.09%. 532 F.3d at 1084-85. The Tenth Circuit, relying on *McNickle*, found that it had the authority to remand the case in order for the district court to fix the clerical error in the award of the postjudgment interest (i.e. increase interest from 5% to 5.09%). *Morrison* is also distinguishable from the facts at issue here. First, *Morrison* pertains to postjudgment interest. Second, unlike the situation in this case, the final judgment in *Morrison* specified an interest rate and thus the use of Rule 60(a) was proper to correct a clerical error.

Because the final judgment in this case does not mention prejudgment interest or interest provided by law, RSI's request is not analogous to *McNickle, Pogor,* or *Morrison*. In addition, RSI does not otherwise show that the Court intended to grant prejudgment interest in the final judgment. As such, RSI's postjudgment motion for prejudgment interest falls squarely within the purview of Rule 59(e) and not Rule 60(a). *See Winslow*, 587 F.3d at 1135. A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). As stated above, this motion was filed approximately ten months after entry of judgment. Moreover, this issue was not raised in RSI's timely Rule 59(e) motion. *See* Docket No. 401. Accordingly, the Court will deny RSI's motion because it was filed more than 28 days after the entry of judgment.

For the foregoing reasons, it is

**ORDERED** that the Motion by Plaintiff Registry Systems International, Ltd. to Correct Judgment by Addition of Prejudgment Interest [Docket No. 420] is **DENIED**.

DATED September 28, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge