IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00495-PAB-MJW

REGISTRY SYSTEMS INTERNATIONAL, LTD.,

    Plaintiff,

v.

VINCENT HAMM,
KAREN HAMM,
AIM HIGH!, INC., and
1 DOMAIN SOURCE, LTD.,

    Defendants and Third Party Plaintiffs,

v.

EDWARD J. SWEENEY,
CHARLES A SWEENEY, and
CAPITAL NETWORKS, PTY., LTD., A/K/A PACNAMES, LTD.,

    Third Party Defendants.

---

# ORDER

---

This matter is before the Court on the Motion for Attorneys' Fees [Docket No. 425] filed by plaintiff Registry Systems International, Ltd. ("RSI"). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

A six-day jury trial took place in this case beginning on April 12, 2010. At the conclusion of the trial, the jury found in favor of RSI on its breach of fiduciary duty claim against defendant Vincent Hamm, awarding RSI $52,453.00 in damages. Docket No. 373-1 at 2-3. In addition, the jury found in favor of RSI on its conversion claim against

Hamm, awarding RSI $212,685.00 in damages. *Id*. at 2. The jury also found in favor of Hamm on his breach of contract claim against RSI, awarding him $44,315.00 in damages. Docket No. 373-2 at 2.

In the present motion, RSI requests $208,790.00 in attorneys' fees for having obtained a favorable judgment on its breach of fiduciary duty claim. Docket No. 425 at 6. Hamm opposes RSI's motion, arguing that RSI should not receive an award of attorneys' fees because the jury awarded damages to both parties and, therefore, the American Rule that each party bear its own litigation costs should apply here. Docket No. 432 at 3.[1] In the alternative, Hamm requests that, should RSI receive an award of attorneys' fees, the Court award RSI $8,731.11 in attorneys' fees, an amount Hamm claims represents an appropriate allocation of attorneys' fees based on the "percentage of overall claims represented by RSI's fiduciary duty claim." *Id*. at 6. Hamm does not challenge the hourly rates that RSI's attorneys and paralegals charged for their services in this case.

---

[1] In his response, Hamm states that the "Court already determined that RSI should not be made whole when it denied RSI's Tender of Bill of Costs, [Docket No. 397], and taxed costs 'in the amount of $0.00 against Vincent Hamm and Aim High!' [Docket No. 405]." Docket No. 432 at 3. On March 14, 2011, the Court taxed $0.00 in costs against Hamm and defendant Aim High!, Inc. because neither the Final Order [Docket No. 392] nor the Final Judgment [Docket No. 393] awarded costs as required by D.C.COLO.LCivR 54.1. *See* Docket No. 405 at 2. The Court's denial of RSI's Bill of Costs was not because of an equitable determination, but rather because of the parties' failure to comply with the Local Rules.

## II. ANALYSIS

### A. Attorneys' Fees Award for Breach of Fiduciary Duty Claim

Generally, Colorado follows the American Rule that a prevailing litigant cannot recover an award of attorneys' fees absent a statute, court rule, or private contract to the contrary. *Bernhard v. Farmers Ins. Exch.,* 915 P.2d 1285, 1287 (Colo. 1996). Colorado courts, however, have fashioned an exception to this rule in breach of trust actions where a fiduciary holds funds in trust for the benefit of a party who is ultimately injured by the breach. *Heller v. First Nat'l Bank*, 657 P.2d 992, 999 (Colo. App. 1982); *Buder v. Sartore*, 774 P.2d 1383, 1390 (Colo. 1989). Although the exception to the American Rule originated in breach of trust actions, Colorado courts have extended the doctrine to breach of fiduciary duty actions. *See, e.g., In re Estate of Shuler*, 981 P.2d 1109, 1113 (Colo. App. 1999) (noting that a beneficiary in a breach of fiduciary duty claim against his or her personal representative may receive attorney fees, though declining to award attorneys' fees in that case); *In re Conservatorship of Roth*, 804 P.2d 265, 267 (Colo. App. 1990) (successful beneficiary in breach of fiduciary duty action against bank custodian may receive attorneys' fees).

The rationale underlying the breach of duty exception is that an award of attorneys' fees in a breach of duty action is necessary to make the injured party whole. *Heller*, 657 P.2d at 999. As the Colorado Court of Appeals noted in *Moore v. Edwards*, 111 P.3d 572, 574 (Colo. App. 2005), the ability "to recoup funds misappropriated by a fiduciary through a successful lawsuit would likely be a meaningless exercise to a beneficiary without a rule allowing for an award of attorney fees."

As noted above, the jury returned a verdict in favor of RSI and against Hamm on RSI's breach of fiduciary duty claim.[2] Docket No. 373-1 at 2-3. By reaching a verdict in favor of RSI and awarding RSI damages, the jury necessarily found that Hamm breached his fiduciary duties in connection with the management of various domain name companies at issue in this case.[3] *See* Docket No. 138 at 3-5. Given that, but for Hamm's breach of his fiduciary duty, RSI would not have had to file this action to recover its misappropriated funds, the Court finds that RSI is entitled to an award of attorneys' fees pursuant to Colorado's breach of trust exception. *Heller*, 657 P.2d at 999.

To the extent Hamm argues that an award of attorneys' fees is not necessary to make RSI whole because the jury awarded damages to both parties, the Court finds this argument unavailing. Because the focus of an award of attorneys' fees in a breach of trust action is the injury caused by the fiduciary's actions, an award of attorneys' fees

---

[2]At trial, the jury was instructed that it should return a verdict in favor of RSI on its claim for breach of fiduciary duty if it found that: "1. Vincent Hamm was acting as a fiduciary of RSI with respect to RSI's business operations; 2. Vincent Hamm breached a fiduciary duty to RSI; 3. RSI had damages; [and] 4. Vincent Hamm's breach of fiduciary duty was a cause of RSI's damages." Docket No. 374 at 24 (Jury Instruction No. 19). In addition, the jury was instructed that, if it found that Hamm acted as a fiduciary of RSI, Hamm owed the following duties to RSI: "1. Duty to act with the care an ordinarily prudent person in a like position would exercise under similar circumstances; 2. Duty to RSI to act in a manner [Hamm] reasonably believes to be in the best interests of the corporation; 3. Duty not to compete with RSI[; and] 4. Duty not to enter into self-dealing transactions with RSI unless Hamm fully disclosed the material facts to RSI beforehand." Docket No. 374 at 29 (Jury Instruction No. 24).

[3]These facts are detailed in the Final Pretrial Order [Docket No. 138]. *See Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (noting that "'[w]hen an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings' because 'the pretrial order is the controlling document for trial'") (citation omitted); Fed. R. Civ. P. 16(e).

is appropriate even if the prevailing party is unsuccessful on some of his or her other claims. *See Heller*, 657 P.2d at 1000 (noting that "courts may award attorneys fees for work upon issues of fact or law on which the client did not ultimately prevail"). If the Court were to deny RSI an award of attorneys' fees, then the purpose of the attorneys' fees award – to return RSI to the position it would have enjoyed had Hamm not breached his fiduciary duty – would be frustrated because RSI would have to pay attorneys' fees out of its own funds to recover on its breach of fiduciary duty claim. *Buder*, 774 P.2d at 1391. Thus, although RSI did not succeed in the prosecution of all of its claims, because it would have had to pay attorneys' fees to recover on its breach of fiduciary duty claim in any event, an award of attorneys' fees is appropriate here to return it to the position it would have enjoyed but for Hamm's breach of his fiduciary duty. *See Accident & Injury Med. Specialists, P.C. v. Mintz*, 279 P.3d 658, 663 (Colo. 2012) ("[a] fiduciary relationship imposes on one party a duty of care that supports a tort action independent of any contractual action") (citation omitted); *Bernhard*, 915 P.2d at 1289 (noting that independent legal duties of care owed by a fiduciary include a duty to act with utmost loyalty on behalf of, and for the benefit of, the other party).

Hamm argues that, even assuming that RSI is entitled to an award of attorneys' fees, the Court should grant RSI an award of attorneys' fees that is proportional to the percentage of "overall claims represented by RSI's breach of fiduciary duty claim." Docket No. 432 at 6. Hamm argues that, because RSI's claim for breach of fiduciary duty represents only 1.85% (1/54) of the claims brought in this case, the Court should

only grant RSI $8,731.11[4] in attorneys' fees, which is the equivalent of 1.85% of the amount billed by RSI's attorneys. *Id*.; *see also* Docket No. 425-1 at 3, ¶ 8. In response, RSI argues that the Court should not grant a proportional fee award, but rather the Court should award RSI the reasonable amount of attorneys' fees incurred to prosecute the breach of fiduciary duty claim and other "inextricably intertwined" claims. Docket No. 433 at 3.

Generally, when a court is presented with an attorneys' fees request in a case involving multiple claims, not all of which afford a basis for recovering attorneys' fees, the trial court should attempt to apportion fees by claim. *Haystack Ranch, LLC v. Fazzio*, 997 P.2d 548, 556 (Colo. 2000). In *Heller*, the Colorado Court of Appeals noted that, when awarding attorneys' fees in a breach of trust action, courts may award attorneys' fees for "work upon issues of fact or law on which the client did not ultimately prevail, provided those issues were all part and parcel of one matter and were reasonably calculated to promote the client's interest." 657 P.2d at 1000. In *Rocky Mountain Festivals, Inc. v. Parsons Corp.*, 242 P.3d 1067, 1073 (Colo. 2010), the Colorado Supreme Court discussed with approval the method for claim segregation outlined by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). The Colorado Supreme Court noted that, where a plaintiff brings multiple claims "invol[ving] a common core of facts" or "based on related legal theories," and the

---

[4]In the declaration of Joseph J. Bronesky, an attorney for Sherman & Howard, LLC the firm representing RSI in this action, Mr. Bronesky states that Sherman & Howard billed RSI $471,480.25 in attorneys' fees for work in this case between September 7, 2007 and January 20, 2012. Docket No. 425-1 at 3, ¶ 8. Thus, $8,731.11 represents 1.85% of the $471,480.25 Sherman & Howard billed RSI (i.e. (471,480.25 X (1/54))).

counsels' efforts on an individual claim cannot be distinguished from work on the whole of the litigation, a reduction in the attorneys' fee award for work done on unsuccessful claims is inappropriate. *Rocky Mountain*, 242 P.3d at 1073 (citation omitted). The court went on to state that, when a plaintiff presents "distinctly different claims for relief that [are] based on different facts and legal theories," the litigation may be conceived as a "series of discrete claims . . . raised in separate lawsuits," and, thus, a fee award contemplating only those claims on which a plaintiff succeeds is both practicable and necessary. *Id*. Given that *Heller* approves of the apportionment of attorneys' fees awards, the Court finds that RSI is entitled to an award of attorneys' fees for its breach of fiduciary duty claim and any claim inextricably intertwined with the breach of fiduciary duty claim. *See Padilla v. Ghuman*, 183 P.3d 653, 664 (Colo. App. 2007) (upholding trial court findings that "defense of all of the various claims and charges, and litigation of the counterclaim, were all inextricably intertwined").

### B. Inextricably Intertwined

Along with its attorneys' fees motion, RSI attached a copy of itemized billing records from Sherman & Howard, LLC ("Sherman & Howard"). *See* Docket No. 425-2. RSI also submitted the declaration of Joseph J. Bronesky, an attorney with Sherman & Howard, Docket No. 425-1, in which he provides an analysis of Sherman & Howard's billing entries for the attorneys who worked on this case. *See id*. at 1-3. Mr. Bronesky states that Sherman & Howard billed RSI a total of $471,480.25 for the prosecution of this case between September 7, 2007 and January 20, 2012. *Id*. at 3, ¶ 8. From the total amount billed, Mr. Bronesky opines that $208,790.00 represents the amount

Sherman & Howard billed RSI to prosecute the breach of fiduciary duty claim and other claims inextricably intertwined with the breach of fiduciary duty claim. *Id*. at 5, ¶ 13.

To arrive at the $208,790.00 amount, Mr. Bronesky states that he reviewed the case docket sheet, several key pleadings in the case, the attorneys' fees invoices Sherman & Howard submitted to RSI, attended the trial, and conferred with Terence Gill and Lynda Atkins, the lead attorneys on the case. *Id*. at 3, ¶ 7. To isolate the amount of fees necessary to prosecute the breach of fiduciary duty claim, Mr. Bronesky excluded billing entries pertaining to hourly charges unrelated to RSI's breach of fiduciary duty claim. *Id*. at 4, ¶ 10. Specifically, Mr. Bronesky excluded billing entries related to claims against parties other than Hamm, briefing on motions for summary judgment unrelated to the breach of fiduciary duty claim, post trial motions, the deposition and settlement with defendant Kim Keeling, as well as discovery disputes unrelated to claims brought against Hamm. *Id*.

After removing all billing entries unrelated to RSI's breach of fiduciary duty claim, Mr. Bronesky determined that $313,216.25 of the attorneys' fees Sherman & Howard billed RSI could be related to RSI's breach of fiduciary duty claim. *Id*. at ¶ 11; *see also* Docket No. 425-2. From the $313,216.25 amount, Mr. Bronesky then determined which claims at issue in the case were reasonably related to RSI's breach of fiduciary duty claim. Docket No. 425-1 at 4, ¶ 12. Mr. Bronesky concluded that RSI's conversion claim was necessarily related to RSI's breach of fiduciary duty because both claims required substantially overlapping evidence. *Id*. In addition, Mr. Bronesky opined that

Hamm's counterclaims and one of Hamm's third-party claims[5] were dependent on the same kind of evidence necessary to prosecute RSI's breach of fiduciary duty claim. *Id*. Based on this analysis, Mr. Bronesky counted billing entries related to RSI's conversion claims, Hamm's counterclaims, as well as one of Hamm's third-party claims and concluded that "two-thirds of the $313,216.25, or $208,790.00, should be allocated to [RSI's] breach of fiduciary [duty] claim." *Id*. at 5, ¶ 13.

With regard to Mr. Bronesky's conclusion that RSI's conversion claim is inextricably intertwined with the breach of fiduciary duty claim, conversion is "defined as any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Stauffer v. Stegemann*, 165 P.3d 713, 717 (Colo. App. 2006); *see also* Docket No. 374 at 23 (Jury Instruction No. 18). Similarly, the breach of a fiduciary duty is a tort to remedy economic harm suffered by one party due to a breach of duties owed in a fiduciary relationship, *Mintz*, 279 P.3d at 663, and a fiduciary duty arises when a party has a "high degree of control over the property or subject matter of another, or when the benefiting party places a high level of trust and confidence in the fiduciary to look out for the beneficiary's interest." *MDM Group Assocs., Inc. v. CX Reinsurance Co. Ltd.*, 165 P.3d 882, 888-89 (Colo. App. 2007); *see also* Docket No. 374 at 24-29 (Jury Instructions Nos. 19-24 regarding breach of fiduciary duty). In this case, in order for RSI to prove both its conversion and breach of fiduciary duty claims, it was required to show that Hamm exercised authority over RSI's property in a manner inconsistent with the parties' contractual relationship. Because

---

[5] Mr. Bronesky does not identify which third-party claim he found required the use of the same evidence as the breach of fiduciary duty claim.

the evidence required to show Hamm's unauthorized use of RSI's property necessarily overlapped between the conversion and the breach of fiduciary duty claim, the Court finds that RSI's claims for breach of fiduciary duty and conversion are "inextricably intertwined." *Padilla*, 183 P.3d at 664; *cf. Rifkin v. Steele Platt*, 824 P.2d 32, 35 (Colo. App. 1991) (noting that fees for breach of contract claim and breach of fiduciary duty claim were "inextricably intertwined" and, therefore, the court could not itemize fees separately).

In the final pretrial order, Hamm asserted the following counterclaims and third-party claims: "(1) Breach of contract for RSI and Sweeney's failure to pay for services rendered by Aim High; (2) Deceit based on fraud resulting from Sweeney's unfulfilled promises to share profits with Vincent Hamm following their agreement to divert funds to RSI in Bermuda tax free; (3) Conversion for Sweeney's sale of Hamm Defendants' personal property on Craigslist; (4) Intentional interference with economic relations resulting from Sweeney's assertions to third parties that he is the true owner of the Hamm Defendants' businesses; (5) Promissory estoppel for failure to pay for services rendered by Aim High; (6) Unjust enrichment by Sweeney and RSI for failure to share in profits diverted to RSI in Bermuda; (7) Third-party liability; and (8) Declaratory judgment that the alleged assignment documents are unenforceable and void." Docket No. 138 at 9. Although Mr. Bronesky states that "at least one of the third-party claims asserted by Mr. Hamm involved the same kind of evidence" necessary to prosecute RSI's breach of fiduciary duty claim, Mr. Bronesky does not identify the third-party claim with particularity. Docket No. 425-1 at 4, ¶ 12. Because Mr. Bronesky does not identify the reasons why the unidentified third-party claim necessarily required the use of evidence

relevant to the breach of fiduciary duty claim, the Court finds that RSI has not met its burden to show that it is entitled to recover attorneys' fees incurred in connection with the prosecution of the unidentified third-party claim. *See Regency Realty Investors, LLC v. Cleary Fire Prot., Inc.*, 260 P.3d 1, 8 (Colo. App. 2009) (noting that the party seeking attorneys' fees bears the burden of proving, by a preponderance of the evidence, entitlement to the award).

In addition, RSI argues that the facts detailed in the final pretrial order support Mr. Bronesky's conclusion that Hamm's counterclaims are inextricably intertwined with the breach of fiduciary duty claim. Docket No. 433 at 3. RSI argues that the four agreements that Hamm signed and the background relationship between the parties necessarily support Mr. Bronesky's conclusion that these claims are inextricably intertwined. *Id*. at 3-4. As noted above, Hamm asserted several counterclaims against RSI. Given the large number of counterclaims asserted, RSI's general allegation that *all* counterclaims necessarily required the use of overlapping evidence is insufficient to show that these claims dealt with "a common core of facts" or "related legal theories." *Rocky Mountain*, 242 P.3d at 1073 (citation omitted). Although it may be true as a general proposition that Hamm's counterclaims were related to the four agreements between some of the parties in this case, this fact does not necessarily show that the same amount of work or the same type of evidence would have been required had Hamm not asserted counterclaims and RSI pursued the breach of fiduciary duty claim alone. *See Durdin v. Cheyenne Mountain Bank*, 98 P.3d 899, 904 (Colo. App. 2004) (remanding case even though plaintiff argued that "there was no way to apportion the

fees and costs incurred by him and Carefree because the same amount of work would have been required even if he had pursued the ECOA claim alone and that he should, therefore, be entitled to the full amount of fees and costs incurred on behalf of both plaintiffs"). Without additional information about what evidence was necessarily required for *each* counterclaim and how this evidence necessarily overlapped with the facts or legal questions at issue with the breach of fiduciary duty claim, the Court finds that RSI has not met its burden of showing that Hamm's counterclaims were inextricably intertwined with the breach of fiduciary duty claim. *See Heller*, 657 P.2d at 1000 (noting that an award for non-breach of trust claims is permissible so long as "those issues were all part and parcel of one matter and were reasonably calculated to promote the client's interest").

Accordingly, the Court finds that RSI is entitled to recover attorneys' fees in connection with its conversion claim because that claim is inextricably intertwined with the breach of fiduciary duty claim. *Heller*, 657 P.2d at 1000. However, RSI is not entitled to recover fees for the work its attorneys performed in connection with Hamm's counterclaims and third-party claims because the facts provided by RSI are insufficient to show that the evidence necessary to prosecute these claims necessarily overlapped with evidence required to prove RSI's breach of fiduciary duty claim.

### C.  Attorneys' Fees Award

The decision to award attorney's fees and the amount of the award in a breach of trust action is within the discretion of the trial court. *Heller*, 657 P.2d at 999. The award of attorneys' fees must be reasonable and the determination of reasonableness

is a question of fact for the trial court. *Id*. The party requesting an award of attorneys' fees bears the burden of proving by a preponderance of the evidence its entitlement to such an award. *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994).

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.1998); *Dubray v. Intertribal Bison Co-op*, 192 P.3d 604, 608 (Colo. App. 2008). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. That amount may then be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved. *See Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

### 1. Hourly Rate

RSI requests attorneys' fees based on the compensation of its attorneys at the rate of $235.00 per hour for Lynda Atkins, $395.00 per hour for Leanne Devos, $375.00-$450.00 per hour for Terence Gill, $350.00-$360.00 per hour for James McMaster, $250.00 per hour for Jessica Morrison, $230.00 per hour for Kevin Opp, $200.00 per hour for John Poor, $425.00 per hour for David Schachter, $195.00-

$215.00 for Angela Whitford, as well as paralegal fees at the rate of $160.00-$165.00 per hour for Susan Collopy, $120.00 per hour for Mary Curto, $125.00 per hour for John Gertig, $130.00 per hour for Suzanne Harrod, $125.00 per hour for Flori Lambart, $180.00 per hour for Cindy Lawson, $175.00 per hour for Debbie Meyer, and $130.00 per hour for Jamie Mulholland.  Docket No. 425-2 at 33.  Hamm does not challenge the hourly rates RSI's attorneys or paralegals charged for their services in connection with this case.

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  In order to satisfy its burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).  The party seeking attorneys' fees bears the burden of proving, by a preponderance of the evidence, entitlement to an award. *Kinsey v. Preeson*, 746 P.2d 542, 551-52 (Colo. 1987).

Attached to its motion, RSI provided a detailed a summary of the relevant qualifications and experience for the aforementioned attorneys and paralegals.  *See*

Docket No. 425-3. Upon review of this summary, the Court finds that the hourly rates of RSI's attorneys and paralegals are reasonable. See Ellis, 163 F.3d at 1203.

### 2. Number of Hours

As noted above, RSI requests $208,790.00 in attorneys' fees for the work its attorneys performed to secure a favorable judgment on its breach of fiduciary duty claim. Docket No. 425 at 6. Given that the Court has rejected Mr. Bronesky's conclusion that Hamm's counterclaims and third-party claim are inextricably intertwined with the breach of fiduciary duty claim, Mr. Bronesky's "two-thirds" conclusion is no longer supported by the record. In addition, although Sherman & Howard's billing entries provide a date, subject matter, and attorney time spent on a particular subject matter, it is impossible to distinguish between the amount of time spent on the conversion or breach of fiduciary duty claim as opposed to all the other claims. Given that it is not the Court's burden to "justify each dollar or hour deducted from the total submitted by counsel" and that it "remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero" the Court is unwilling to take Mr. Bronesky's estimate without more specificity about each of the entries presented. Mares v. Credit Bureau, 801 F.2d 1197, 1210 (10th Cir. 1986). Thus, because the itemized billing statements do not explicitly distinguish between the breach of fiduciary duty claim, conversion claim, and other claims, the Court cannot allocate fees appropriately "between those that [are] allowable and those that [are] not." Am. Water Dev., Inc., 874 P.2d at 384. However, exercising its discretion, the Court will grant RSI

leave to file supplemental briefing delineating the specific fees it incurred for work related to its conversion and breach of fiduciary duty claims only.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that, within 10 days of this order, plaintiff Registry Systems International, Ltd. shall file a supplemental pleading delineating the fees it incurred for work related to its conversion and breach of fiduciary duty claims only. Defendant Vincent Hamm may file objections limited to the supplemental briefing no later than seven days after the supplemental brief is filed.

DATED August 13, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge