IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00495-PAB-MJW

REGISTRY SYSTEMS INTERNATIONAL, LTD.,

    Plaintiff,

v.

VINCENT HAMM,
KAREN HAMM,
AIM HIGH!, INC., and
1 DOMAIN SOURCE, LTD.,

    Defendants and Third Party Plaintiffs,

v.

EDWARD J. SWEENEY,
CHARLES A SWEENEY, and
CAPITAL NETWORKS, PTY., LTD., A/K/A PACNAMES, LTD.,

    Third Party Defendants.

## ORDER

This matter is before the Court on the Supplemental Briefing in Support of the Motion for Attorney Fees [Docket No. 443] filed by plaintiff Registry Systems International, Ltd. ("RSI"). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

On October 12, 2012, RSI filed a motion for attorneys' fees, requesting $208,790.00 for fees incurred in connection with the successful prosecution of its breach of fiduciary duty claim against defendant Vincent Hamm. Docket No. 425 at 6. On August 13, 2013, the Court issued an order, Docket No. 442, finding that RSI was

entitled to recover attorneys' fees it incurred in connection with the prosecution of its breach of fiduciary duty and conversion claims. Docket No. 442 at 15. The Court also found that the hourly rates charged by RSI's attorneys and paralegals were reasonable. *Id.* at 14-15. However, because RSI's motion for attorneys' fees did not provide a sufficiently detailed description of the billing entries related to its conversion and breach of fiduciary duty claims, the Court granted RSI leave to file supplemental briefing limited to that issue. *Id.* at 16.

In its supplemental brief, RSI seeks an award of $193,014.06 in attorneys' fees against Mr. Hamm.[1] Docket No. 443 at 1. In support of this fee request, RSI submitted a supplemental declaration of Joseph J. Bronesky, an attorney with Sherman & Howard, LLC, Docket No. 443-1, in which he provides an analysis of Sherman & Howard's billing entries. In his declaration, Mr. Bronesky states that he arrived at the $193,014.06 amount after he performed a line-by-line review of every billing entry, read the trial transcripts, consulted key pleadings, and spoke with the lead attorneys. Docket No. 443-1 at 2, ¶ 3. Mr. Bronesky also states that he excluded billing entries related to claims against parties other than Mr. Hamm, briefing on motions for summary judgment unrelated to the breach of fiduciary duty claim, post trial motions, all counterclaims, the deposition and settlement with Kim Keeling, discovery disputes unrelated to Mr. Hamm, time entries identified by Mr. Hamm in his objections [Docket No. 432], and vague entries for which there was no determination of the services rendered. Docket No. 443-

---

[1] As noted in the previous order, Sherman & Howard billed RSI a total of $471,480.25 for the prosecution of this case between September 7, 2007 and January 20, 2012. Docket No. 442 at 7.

1 at 2-3, ¶ 4.  After excluding all of the unrelated fees and performing a line-by-line review, Mr. Bronesky divided the remaining billing entries into seven different phases and estimated the percentage of the attorneys' fees incurred in each phase based on the "degree of attorney effort expended for the fiduciary duty/conversion claims." Docket No. 443-1 at 3, ¶ 8.  After this analysis, Mr. Bronesky concluded that $193,014.06 is a reasonable amount of attorneys' fees incurred to prosecute the breach of fiduciary duty and conversion claims.  *Id.* at 9.

In his response, Mr. Hamm does not present specific objections about Mr. Bronesky's line-by-line review.  Instead, Mr. Hamm claims that RSI's supplemental brief "merely restates, with very minor changes, Mr. Bronesky's previous estimation of how the hours" Sherman & Howard spent on the case should be divided.  Docket No. 444 at 3.

The decision to award attorneys' fees and the amount of the award in a breach of trust action is within the discretion of the trial court.  *Heller v. First Nat'l Bank of Denver, N.A.*, 657 P.2d 992, 999 (Colo. App. 1982).  Generally, the initial estimate of reasonable attorney fees is reached by calculation of the lodestar amount.  *Dubray v. Intertribal Bison Co-op*, 192 P.3d 604, 608 (Colo. App. 2008).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar amount may be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of

success achieved.  *See Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996).  A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).  Given that the Court has already determined that the hourly rates charged by RSI's attorneys were reasonable, the only remaining issue is whether RSI seeks an award based on a reasonable number of attorney hours worked.

After review of RSI's supplemental brief, the Court finds that the number of hours RSI claims its attorneys worked to prepare for and perform legal services in this case were reasonable.  See *Jane*, 61 F.3d at 1510.  Although Mr. Hamm objects to RSI's calculation of its billing entries, the Court finds that Mr. Hamm's objections do not call into question RSI's "billing judgment" in winnowing down the hours actually spent to those reasonably expended.  *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).  Moreover, RSI's time entries are sufficiently detailed that the Court is satisfied that RSI is seeking fees for only the work performed on the breach of fiduciary duty and conversion claims.  *See Case v Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).  Accordingly, the Court finds that $193,014.06 is a reasonable amount of attorneys' fees incurred for the prosecution of the breach of fiduciary duty and conversion claims in this case.

For the foregoing reasons, it is

**ORDERED** that Plaintiff Registry Systems International, Ltd's Fed. R. Civ. P. 54(d)(2) Motion for Attorney Fees [Docket No. 425] is **GRANTED** in part and **DENIED** in

part as indicated in this order and the Court's Order of August 13, 2013 [Docket No. 442]. Defendant Vincent Hamm shall pay attorneys' fees in the amount of $193,014.06 to plaintiff Registry Systems International, Ltd.

DATED September 4, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge